IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MARY ANN PARKER, individually, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. _____ ) |
| ALI CORPORATION, a domestic corporation, | ) ) ) ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff MARY ANN PARKER (hereinafter "PARKER" or "Plaintiff") hereby sues Defendant, ALI CORPORATION, a domestic company, (hereinafter "Defendant") for injunctive relief, attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* (hereinafter "ADA"), and the ADA Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter "ADAAG"). In support thereof, Plaintiff respectfully shows this Court as follows:

### JURISDICTION AND VENUE

1. This is an action for declaratory and injunctive relief pursuant to Title III of the ADA. This Court is vested with original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C.

§ 12181 *et seq.*, based upon Defendant, ALI CORPORATION's, failure to remove physical barriers to access and violations of Title III of the ADA.

2. Venue is properly located in the Northern District of Alabama pursuant to 28 U.S.C. § 1391(b) because venue lies in the judicial district of the property situs or the judicial district in which a substantial part of the events or omissions giving rise to Plaintiff's claims occurred. The Defendant's property is located in and does business within this judicial district and all events giving rise to this lawsuit occurred in this judicial district.

**PARTIES**

3. Plaintiff, MARY ANN PARKER is an Alabama resident individual. Plaintiff is sui juris and qualifies as an individual with disabilities as defined by the ADA. Plaintiff utilizes a wheelchair or wheeled walker for mobility. Plaintiff's condition is one that constitutes a physical impairment which impacts and substantially limits the major life activity of walking and having complete use of her lower extremities and as such is a qualified disability under the ADA.

4. Plaintiff is also an independent advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of enforcing Plaintiff's civil rights, monitoring, determining and ensuring whether places of public accommodation are in compliance with the ADA. Plaintiff's motivation to return to a location, in part, stems from a desire to utilize ADA litigation to make areas that

she frequents more accessible for Plaintiff and others; and pledges to do whatever is necessary to create the requisite standing to confer jurisdiction upon this Court so an injunction can be issued correcting the numerous ADA violations on the Subject Property, including returning as soon as it is accessible ("Advocacy Purposes").

5. Defendant, ALI CORPORATION, is a domestic corporation registered to do business and, in fact, is conducting business in the State of Alabama and within this judicial district.

**FACTUAL ALLEGATIONS**

6. In February of 2021, Plaintiff attempted to but was deterred from patronizing and/or gaining equal access as a disabled patron, to the Central Park Chevron filling station and convenience store located at 1381 Bessemer Road, Birmingham, Alabama 35208 ("Subject Facility", "Subject Property").

7. ALI CORPORATION is the owner, lessor, and/or operator/lessee of the real property and improvements that are the subject of this action, specifically the Central Park Chevron filling station and its attendant facilities, including vehicular parking and exterior paths of travel within the site identified by the Jefferson County Tax Assessor's parcel identification number 29 00 07 3 048 001.000. ("Subject Facility", "Subject Property").

8. Plaintiff resides in rural Clay County, Alabama and frequently travels to and spends time in the Birmingham area for overnight visits with her family

residing in Birmingham and, also to see her treating physicians in Birmingham. During said visits Plaintiff frequents restaurants, stores, shops and other businesses of public accommodation in the Birmingham and surrounding areas, including the area of the Subject Property. Plaintiff's physician's offices and family members' residences are located within 20 miles of the Subject Property.

9. Plaintiff's access to the Subject Property and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of her disabilities, and she will be denied and/or limited in the future unless and until Defendant, ALI CORPORATION, is compelled to remove the physical barriers to access and correct the ADA violations that exist at the Subject Property, including those set forth in this Complaint.

10. Plaintiff has visited and/or attempted to patronize the Subject Property on multiple prior occasions and at least once before as a patron and advocate for the disabled. Plaintiff intends on revisiting the Subject Property within six months of the filing of this Complaint or sooner, as soon as the barriers to access and ADA violations detailed in this Complaint are removed. The purpose of the revisit is to be a regular patron, to determine if and when the Subject Property is made accessible, and to maintain standing for this lawsuit for Advocacy Purposes.

11. Plaintiff intends on revisiting the Subject Property as a regular patron to enjoy the same experiences, goods, and services available to Defendant's non-disabled patrons, as well as for Advocacy Purposes, but does not intend to continue to repeatedly re-expose herself to the ongoing barriers to equal access and engage in the futile gesture of attempting to patronize the Subject Property, a business of public accommodation known to Plaintiff to have numerous and continuing ADA violations and barriers to equal access for wheelchair users.

12. Plaintiff recently traveled to the Subject Property as a patron and as an independent advocate for the disabled, encountered and/or observed the barriers to access that are detailed in this Complaint, engaged those barriers where physically possible, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to equal access and ADA violations present at the Subject Property.

## COUNT I

13. The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

14. The Subject Property is a public accommodation and service establishment.

15. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

16. Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq.*; 28 C.F.R. § 36.508(a).

17. The Subject Property must be, but is not, in compliance with the ADA and the ADAAG.

18. Plaintiff has attempted to, and has to the extent possible, accessed the Subject Property in her capacity as an intended patron and as an independent advocate for the disabled, but could not fully do so because of her disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at the Subject Property that preclude and/or limit her access to the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

19. Plaintiff intends to visit the Subject Property again in the very near future as a patron and as an independent advocate for the disabled, in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations

commonly offered at the Subject Property but will be unable to fully do so because of her disability and the physical barriers to access, dangerous conditions and ADA violations that exist at the Subject Property that preclude and/or limit her access to the Subject Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

20. Defendant, ALI CORPORATION, has discriminated against Plaintiff (and others with disabilities) by denying her access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Subject Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

21. Defendant, ALI CORPORATION, will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant, ALI CORPORATION, is compelled to remove all physical barriers to equal access and ADA violations that exist at the Subject Property, including those specifically set forth herein, and make the Subject Property accessible to and usable by Plaintiff and other persons with disabilities.

22. A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed that precluded and/or limited Plaintiff's access to the Subject Property and the full and equal enjoyment

of the goods, services, facilities, privileges, advantages and accommodations of the Subject Property include, but are not limited to:

### ACCESSIBLE PARKING

a. There is no visible upright signage (displaying the International Symbol of Accessibility) designating any parking spaces as accessible in violation of Section 4.6 of the 1991 ADAAG and Section 502 of the 2010 ADAAG. This violation made it dangerous for Plaintiff to utilize the parking facility at the Subject Property and caused Plaintiff undue upset and loss of opportunity.

b. The paint delineating the accessible parking space and access aisle is not maintained so that it clearly marks the accessible parking location because of Defendant's practice of failing to maintain the parking surface in violation of 28 CFR § 36.211, Section 4.6 of the 1991 ADAAG, and Section 502.3.3 of the 2010 ADAAG. This violation made it dangerous for Plaintiff to utilize the parking facility at the Subject Property and caused Plaintiff undue upset and loss of opportunity.

c. The accessible parking space is not level in all directions in violation of 28 CFR § 36.211, Sections 4.5.1 and 4.6.3 of the 1991 ADAAG and Sections 302 and 502.4 of the 2010 ADAAG. This violation made it dangerous for Plaintiff to utilize the parking facility at the Subject Property and caused Plaintiff undue upset and loss of opportunity.

d. The access aisle serving the designated accessible parking space is not level in all directions in violation of 28 CFR § 36.211, Section 4.6.3 of the 1991 ADAAG and Sections 302 and 502.4 of the 2010 ADAAG. This

violation made it dangerous for Plaintiff to utilize the parking facility at the Subject Property and caused Plaintiff undue upset and loss of opportunity.

### ACCESSIBLE ROUTES/RAMPS

e. There are unbeveled and/or inadequately beveled vertical transitions in the pavement within the accessible route from the parking facility to the accessible entrance (particularly where the parking surface meets the curb cut ramp landing) which exceed ¼ inches and are unbeveled and/or inadequately beveled due to the defendant's failure to maintain said pavement as it ages violating 28 CFR § 36.211, Section 4.3.8 of the 1991 ADAAG, and Section 406.2 of the 2010 ADAAG. This violation made it dangerous for Plaintiff to access the Subject Facility and caused Plaintiff undue upset and loss of opportunity.

### ACCESSIBLE ENTRANCE

f. The accessible entrance door closer closes too quickly. Violation: The sweep speed settings of the door closer for the accessible entrance door has not been maintained properly by Defendant which has caused the door closing speed to increase with time and use so that the time allowed to transition the door, from an open position of 90 degrees to a position of 12 degrees from the latch, is too brief to allow individuals with mobility impairments to enter and/or exit safely, independently and/or without difficulty, in violation of Section 4.13.10 of the 1991 ADAAG and Section 404.2.8 of the 2010 ADAAG. This accessible feature is not being maintained by Defendant in violation of 28 CFR § 36.211. These violations prevented equal access to the plaintiff and caused Plaintiff undue upset and loss of opportunity.

## ACCESS TO GOODS AND SERVICES
### (Interior)

g. The self-serve tableware, cups, straws, condiments, and/or drink dispensers are positioned too high for wheelchairs users to reach. Violation: The self-serve tableware, dishware, cups, straws, condiments, food and/or operable parts of the drink dispensers exceed the maximum allowable height for a vertical (side) reach in violation of Section 5.2 of the 1991 ADAAG and Sections 308.3.2 and 904.5.1 of the 2010 ADAAG.

h. The counter upon which the self-serve drink dispensers (frozen drinks and coffee dispenser) are positioned is too high for equal access to wheelchair users. Violation: The self-serve drink dispenser counter is over 34 inches from the floor which is the minimum accessible height for a high (side) reach obstruction in violation of Section 4.2.6 of the 1991 ADAAG and Sections 308.3.2 and 904.5.1 of the 2010 ADAAG.

i. The operable parts of the frozen drink dispensers are positioned too high for wheelchairs users. Violation: The operable parts of the frozen drink dispensers are not at an accessible height in violation of Section 5.2 of the 1991 ADAAG and Sections 308 and 904.5.1 of the 2010 ADAAG.

## MAINTENANCE PRACTICES

j. Defendant has a practice of failing to maintain the accessible features of the facility, creating barriers to access for the Plaintiff, as set forth herein, in violation of 28 CFR § 36.211. This practice prevented access to the plaintiff equal to that of Defendant's able-bodied customers causing Plaintiff loss of opportunity and undue upset.

k. Defendant has a practice of failing to maintain the accessible elements at the Subject Facility by neglecting its continuing duty to review, inspect, and discover transient accessible elements which by the nature of their design or placement, frequency of usage, exposure to weather and/or other factors, are prone to shift from compliant to noncompliant so that said elements may be discovered and remediated. Defendant failed and continues to fail to alter its inadequate maintenance practices to prevent future recurrence of noncompliance with dynamic accessible elements at the Subject Facility in violation of 28 CFR § 36.211, the 1991 ADAAG, and the 2010 ADAAG. These violations, as set forth hereinabove, made it impossible for Plaintiff to experience the same access to the goods, services, facilities, privileges, advantages and accommodations of the Subject Facility as Defendant's able-bodied patrons and caused Plaintiff loss of opportunity and undue upset.

l. Defendant has failed to modify its discriminatory maintenance practices to ensure that, pursuant to its continuing duty under the ADA, the Subject Property remains readily accessible to and usable by disabled individuals, including Plaintiff, as set forth herein, in violation of 28 CFR § 36.302 and 36.211. This failure by Defendant prevented access to the plaintiff equal to that of Defendant's able-bodied customers causing Plaintiff undue upset and loss of opportunity.

23. The discriminatory violations described above are not an exhaustive list of the Defendant's current barriers to equal access and violations of the ADA because Plaintiff was unable to access and assess all areas of the subject premises

due to the architectural barriers encountered. A complete list of the Subject Property's ADA violations affecting the Plaintiff as a wheelchair user, and the remedial measures necessary to remove same, will require an on-site inspection by Plaintiff's representatives pursuant to Federal Rule of Civil Procedure 34. Once the Plaintiff personally encounters discrimination, as alleged above, or learns of discriminatory violations through expert findings of personal observation, she has actual notice that the defendant does not intend to comply with the ADA.

24. Upon information and belief accessible elements at the Subject Property have been altered and/or constructed since 2010.

25. The foregoing violations are violations of the 1991 ADAAG, and the 2010 ADAAG, as adopted by the U.S. Department of Justice. In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

26. The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

27. Each of the violations alleged herein is readily achievable to modify to bring the Subject Property into compliance with the ADA.

28. Removal of the physical barriers and dangerous conditions present at the Subject Property is readily achievable because of the site conditions at the subject property, the structural design of the Subject Property, and the straightforward nature of the necessary modifications.

29. To assist businesses in offsetting the costs associated with complying with the ADA and removing barriers to access for individuals with disabilities, Section 44 of the IRS Code provides a tax credit for small businesses and Section 190 of the IRS Code provides a tax deduction for all businesses, including the Defendant.

30. Removal of the physical barriers and dangerous conditions at the Subject Property is readily achievable because of the relative low cost of the necessary modifications and the Defendant has the financial resources to make the modifications, including the financial assistance made available to Defendant by the government pursuant to Section 44 and/or Section 190 of the IRS Code.

31. By continuing to operate the subject premises with discriminatory conditions in violation of the ADA, Defendant contributes to Plaintiff's sense of isolation and segregation and deprives Plaintiff of the full and equal enjoyment of the goods, services, facilities, privileges, and accommodations available to able bodied individuals of the general public.

32. Defendant is required to remove the existing architectural barriers to

the physically disabled when such removal is readily achievable for its places of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); additionally, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including people who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facilities were designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facilities must be readily accessible to and useable by individuals with disabilities as defined by the ADA. To date, Defendant has failed to comply with this mandate.

33. Plaintiff is without adequate remedy at law and is suffering irreparable harm and reasonably anticipates that she will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Subject Property, including those alleged herein. Considering the balance of hardships between the Plaintiff and Defendant, a remedy in equity is warranted.

34. Plaintiff's requested relief serves the public interest.

35. Plaintiff's counsel is entitled to recover its reasonable attorneys' fees and costs of litigation from Defendant pursuant to 42 U.S.C. §§ 12188, 12205 and

28 CFR 36.505. Plaintiff will be denied full and equal access to the subject premises, as provided by the ADA unless the injunctive relief requested herein is granted.

36. Pursuant to 42 U.S.C. § 12188, this Court is vested with the authority to grant Plaintiff injunctive relief; including an Order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed, and ordering Defendant to fulfill its continuing duty to maintain the accessible features at the premises in the future as mandated by 28 CFR § 36.211.

WHEREFORE, the Plaintiff prays as follows:

A. That the Court find Defendant, ALI CORPORATION, in violation of the ADA and ADAAG;

B. That the Court enter an Order requiring Defendant, to (i) remove the physical barriers to access and (ii) alter the Subject Property to make the subject property readily accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

C. That the Court enter an Order directing Defendant, pursuant to 28 C.F.R. § 36.211, to fulfill its continuing duty to maintain and repair its accessible features and equipment in the future so that the facility remains accessible to and useable by individuals with disabilities in the future, to the full extent required by Title III of the ADA;

D. That the Court enter an Order directing Defendant to implement and carry out effective policies, practices, and procedures to maintain and repair its accessible features

and equipment in the future pursuant to 28 C.F.R. § 36.302 and 28 C.F.R. § 36.211.

E. That the Court enter an Order directing Defendant to evaluate and neutralize its policies, practices and procedures towards persons with disabilities for such reasonable time so as to allow them to undertake and complete corrective procedures;

F. An award of attorneys' fees, costs (including expert fees), and litigation expenses pursuant to 42 U.S.C. § 12205;

G. An award of interest upon the original sums of said award of attorney's fees, costs (including expert fees), and other expenses of suit; and

H. Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated this the 19th day of March, 2021.

Respectfully submitted,

By: */s/ John Allen Fulmer II*
John Allen Fulmer II(ASB-1089-42F)
Counsel for Plaintiff

Of Counsel:
Fulmer Law Firm, P.C.
2330 Highland Ave. So.
Birmingham, AL 35205
Telephone: (205) 703-4892
E-Mail: jaf@jafulmerlaw.com

**DEFENDANT TO BE SERVED:**
ALI CORPORATION
c/o Ashraf Kapidya
1324 Bessemer Rd
Birmingham, AL  35208